# CIVIL COVER SHEET

The JS—44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS (Counter Claimant)

Clary Shipping (Pte.) Ltd.
400 Orchard Road #11-06
Orchard Towers
Singapore 238875

## DEFENDANTS (Counter Defendat)

n/a

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** (EXCEPT IN U.S. PLAINTIFF CASES)
n/a

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** (EXCEPT IN U.S. PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
RWier@Wierlaw.com

**ATTORNEYS (IF KNOWN)**

Michael B. McCauley
Palmer Biezup & Henderson LLP
1223 Foulk Road
Wilmington, DE 29803
(302) 594-0895

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ Insurance
- ☐ 120 Manne
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. veterans)
- ☐ 153 Recovery of Overpayment of veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor vehicle
- ☐ 355 Motor vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 385 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Anne Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 2B USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 885 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ Q 441 voting
- ☐ Q 442 Employment
- ☐ Q 443 Housing Accommodations
- ☐ Q 444 Welfare
- ☐ 0 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/ Commodities, Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 another district (specify) Appeal to District Transferred from,
- ☐ 6 Multidistrict Litigation
- ☐ 7 Magistrate Judgment Judge from

## VI. CAUSE OF ACTION
(CITE THE U.S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

46 U.S.C. App. §§ 181-189 – Limitation of Liability Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER FR.C.P 23

**DEMAND**

CHECK YES only if demanded in Complaint:
Jury Demand: ☐ Yes ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY    JUDGE    DOCKET NUMBER 06-cv-0015

DATE January 9, 2006

SIGNATURE OF ATTORNEY OF RECORD
Richard R. Wier, Jr. pro se

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS—44

Authority For Civil Cover Sheet

The JS—44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section (see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. *(3)* This refers to Suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution. an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS—44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, FR.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS —44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF CLARY SHIPPING (Pte.) LTD., AS OWNER(S) AND/OR OWNER(S) *PRO HAC VICE* OF THE MOTOR VESSEL CLARY FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * Civil Action No.: * * * |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Clary Shipping (Pte.) Ltd., by its undersigned attorneys, files this Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. app. §§ 181-189, and states:

1. Clary Shipping (Pte.) Ltd. ("Clary Shipping") is a company organized and operating under the laws of Singapore, with its place of business at 400 Orchard Road # 11-06, Orchard Towers, Singapore 238875, and is and has been at all relevant times the owner and/or owner *pro hac vice* of the M/V CLARY.

2. The Motor Vessel CLARY ("CLARY" or the "Vessel") is a seagoing motor vessel which was built in 1979 in Japan. She is 148 meters in length overall and has a tonnage of 12,165 gross registered tons.

3. Jurisdiction is proper pursuant to 28 U.S.C § 1333. Venue is proper in this Court, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Cases of the Federal Rules of Civil Procedure, in that the CLARY is presently in this District and further because the CLARY and Clary Shipping have been sued in this District on claims with respect to which Clary Shipping seeks exoneration or limitation of liability.

4. On or about January 6, 2006, at approximately 10 a.m., the CLARY was in the process of docking at Berth 1 of the Wilmington Marine Terminal on the Christina River. The

CLARY was assisted by two tugs, the Tug BROOKLYN and the Tug NANCY, both owned and operated by McAllister Towing of Philadelphia, Inc. The docking evolution was controlled by Captain K. Hearn, a member of The Docking Pilots Association, LLC.

5. During the course of the docking evolution, the two assisting tugs came into contact with certain vessels berthed at the pier, causing damage to those vessels and possibly to the assisting tugs. (This occurrence is referred to hereinafter as the "Accident").

6. The Accident and the damages arising therefrom were not caused by the CLARY or Clary Shipping, but by actions of others for whom the CLARY and Clary Shipping are not responsible.

7. As a result of the Accident, Wilmington Tug, Inc. has brought suit against the CLARY and Clary Shipping, alleging damage to its tugs TINA, SALLY and CAPT. HARRY and demanding damages in excess of $5,000,000.

8. In addition to the above, Clary Shipping expects that other claims or demands may be asserted or other suits, actions or proceedings may be brought against it by other parties who may claim to have sustained loss, damage, injury or destruction as a result of the Accident.

9. The value of the CLARY at the close of this Voyage was $3,000,000, as established by the Certification of Valuation of Martin, Ottaway, van Hemmen & Dolan, Inc. attached hereto as Exhibit A.

10. The total amount of the claims that have been or will be asserted as a result of the Accident exceed the value of the CLARY.

11. Clary Shipping is entitled to file this Complaint pursuant to 46 U.S.C. app. § 185.

12. The Accident and any loss, damage, injury and destruction resulting therefrom occurred without the privity or knowledge of Clary Shipping and were not caused or contributed

to by any fault or negligence on the part of Clary Shipping or any unseaworthiness on the part of the CLARY or of anyone else for whose acts or omissions Clary Shipping may be responsible.

13. Clary Shipping seeks a *concursus* of all claims pursuant to which all persons with any claim that might be filed against it or the CLARY as a result of the Accident be required to appear and file their claims in this one action, such that this Court may equitably consider all claims and all defenses arising out of the Accident and dispose of such claims in this one proceeding, without prejudice to any claimant by way of venue, jurisdiction, or the order in which claims are asserted, and Clary Shipping seeks exoneration from liability, or in the alternative, the limitation of liability provided by 46 U.S.C. app. §§ 181-189, for any loss, damage, injury or destruction arising out of the Accident and any or all other claims arising on the Voyage.

14. Clary Shipping proffers with this Complaint an *Ad Interim* Stipulation for Value in the amount of $3,000,000, plus interest, with an additional security therein for costs in the amount of $1,000, all in accordance with Supplemental Rule F. A copy of the *Ad Interim* Stipulation for Value is attached hereto as Exhibit B. If any claimant should by motion demand an increase in the amount of the security given by Clary Shipping, and if the Court should find after due appraisement that the security provided is insufficient or excessive, Clary Shipping is ready and willing to file, when and if so ordered, a further stipulation for value or other approved security pursuant to Rule F(1) of the Supplemental Rules, plus costs.

15. Not more than six months have elapsed since the date of the Accident, or since the date of receipt by Clary Shipping of any written claim arising out of the Accident.

WHEREFORE, Clary Shipping prays for the establishment of a *concursus* of claims in this proceeding for the just and equitable disposition of all claims arising out of the Accident and:

a. That the Court enter an Order permitting Clary Shipping to file its *Ad Interim* Stipulation for Value, said *Ad Interim* Stipulation for Value to be continued in full force and effect until the value of Clary Shipping's interest in the Vessel might be more fully determined by due appraisal ordered by the Court, if requested, in which event Clary Shipping shall thereupon pay into Court the additional amount or provide additional or superceding security acceptable to the Court sufficient fully to cover such appraisal;

b. That the Court enter an Order directing that a Notice be issued pursuant to Supplemental Rule F(4) to all persons or entities claiming loss, damage, injury or destruction occasioned or incurred by or in any way resulting from the Accident or otherwise arising out of the Voyage on which the Vessel was then engaged, or otherwise asserting any claim against the vessel CLARY or Clary Shipping with respect to which Clary Shipping seeks exoneration from or limitation of liability herein, admonishing them to appear and file their respective claims with this Court, to serve on or mail copies thereof to the attorneys for Clary Shipping on or before the date to be specified in the Notice, and further to file their respective answers, if any, to the allegations of this Complaint on or before the date to be specified in the Notice, and further directing that such Notice be published and be mailed to claimants, all as provided by Supplemental Rule F(4) and otherwise by law.

c. That the Court enter an Order restraining the further prosecution of any and all suits, actions and proceedings which may have been commenced in any court whatsoever to recover damages for any and all loss, damage, injury or destruction occasioned or incurred by or

in any way resulting from the Accident or in any way otherwise arising out of the Voyage on which the Vessel was then engaged, and restraining the commencement or prosecution thereafter of any such suit, action or proceeding of any nature or description, except within this action, against the vessel CLARY, Clary Shipping and/or their officers, agents, servants or employees, as well as the crew of the CLARY on the date of the Accident.

    d.    That the Court find that Clary Shipping and the vessel CLARY are not liable to any extent upon any of the claims made or that may be made as described above, or, if Clary Shipping is found liable, then that any such liability is limited to the value of Clary Shipping's interest in the vessel CLARY as found at the end of the Voyage, the proceeds therefrom being divided *pro rata* among the claimants as may be proved in such manner as the Court may direct, saving to them such priorities as the law may allow, and that the Court enter an Order discharging the vessel CLARY and Clary Shipping from any and all further liability.

    e.    That the Court grant Clary Shipping such other and further relief as the Court may deem just.

/S/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302)888-3222
RWier@Wierlaw.com

*Attorneys for Clary Shipping (Pte.), as Owner and Owner Pro Hac Vice of the Motor Vessel CLARY*