IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT : | CIVIL ACTION |
| OF CLARY SHIPPING (Pte.) LTD., : | |
| AS OWNER(S) AND/OR OWNER(S) : | |
| PRO HAC VICE OF THE MOTOR : | |
| VESSEL CLARY FOR EXONERATION : | |
| FROM OR LIMITATION OF LIABLITY : | |
| : | No.: 06-cv-00016 - GMS |

## CLAIM AND ANSWER TO COMPLAINT

Wilmington Tug, Inc. ("Wilmington Tug" or "Claimant"), by and through its counsel, Palmer Biezup & Henderson LLP, hereby appears within the time period specified by this Honorable Court to present its claims against the Plaintiff Clary Shipping (Pte.) Ltd. and the M/V CLARY ("Plaintiffs") and to Answer the Plaintiff's Complaint pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims and says as follows.

## CLAIM

Wilmington Tug makes the following claims against the petitioning Plaintiff Clary Shipping (Pte.) Ltd. pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims:

1.  At all material times, Plaintiff Wilmington Tug, Inc. (hereinafter "Wilmington Tug") was and is a business entity organized and existing under the laws of Delaware with a principal place of business in Wilmington, Delaware.

2. At all material times, the M/V CLARY was and still is a bulk vessel operated as a common and/or private carrier of goods in ocean transportation.

3. At all material times, Plaintiff Clary Shipping (Pte.) Ltd. (hereinafter "Clary") was and still is a business entity duly organized under the laws of a foreign nation and was and is the registered owner and/or owner *pro hac vice* and/or disponent owner and/or operator of the M/V CLARY.

4. Wilmington Tug is engaged in the business of rendering towage assistance and towage services, and was and is the owner/operator of the tugboats TINA, SALLY and CAPT. HARRY.

5. On or about January 6, 2006, at approximately 10:00 a.m. local time, while the M/V CLARY was operating and under way in the Christiana River, with the assistance of two tugboats owned or operated by McAllister Towing of Philadelphia, Inc., the M/V CLARY and/or its assisting tugboats collided with the tugboats TINA, SALLY and CAPT. HARRY (hereinafter "the Collision").

6. At all material times, the tugboats TINA, SALLY and CAPT. HARRY were stationary, being properly docked and secured at their usual and customary berth at the Wilmington Marine Terminal on the Christina River in Wilmington, Delaware.

7. The Collision was caused solely by the unseaworthiness of the M/V CLARY and/or the negligence and fault of the M/V CLARY's officers, crew members, agents, servants or employees, and/or the negligence and fault of the Plaintiff Clary and other persons responsible for the operation or management of the M/V CLARY.

8. The Collision occurred without any fault or neglect on the part of Wilmington Tug or the tugboats TINA, SALLY and CAPT. HARRY.

9. As a direct and proximate result of the Collision, the tugboats TINA, SALLY and CAPT. HARRY sustained substantial physical damages.

10. As a result of the physical damage to its tugboats TINA, SALLY and CAPT. HARRY, Wilmington Tug has sustained and will sustain damages and losses in an amount in excess of $1,000,000, as nearly as can presently be estimated, for costs of repair, loss of use, mitigation expenses, interest, counsel fees and other damages to be ascertained.

11. Although to date no other person, party or entity has made any formal claim or demand or commenced any action against Wilmington Tug for damages in connection with or arising out of the Collision, the limitations periods which may be applicable to any such potential claims have not expired and, therefore, in addition to its claim for direct losses and damages sustained, Wilmington Tug herewith lodges a contingent claim against the Plaintiff, serving notice of its intention to hold the M/V CLARY and the Plaintiff responsible for any and all sums, damages, judgments or legal expenses incurred by or assessed against it in connection with claims which may hereinafter be made by any third party and reserving all of its rights, claims and defenses against the Plaintiff and the M/V CLARY, including but not limited to the right to pursue claims for contribution or indemnity.

WHEREFORE, Claimant Wilmington Tug prays that this Honorable Court recognize and register its claims against the Plaintiffs as asserted herein and that judgment be entered in favor of the Claimant Wilmington Tug and against the M/V CLARY *in rem* and against Clary Shipping *in personam* for damages, with interest, costs, and attorney's fees.

## ANSWER TO COMPLAINT

Wilmington Tug Answers the Plaintiff's Complaint pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims as follows:

1. Admitted in part; denied in part. It is admitted only that Clary Shipping (Pte.) Ltd is and has been at all relevant times the owner and/or owner *pro hac vice* of the M/V CLARY. Wilmington Tug is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph "1" of the Complaint and, therefore, denies same.

2. Admitted in part; denied in part. It is admitted only that the M/V CLARY is a seagoing motor vessel. Wilmington Tug is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph "2" of the Complaint and, therefore, denies same.

3. The averments as to jurisdiction and venue contained in Paragraph "3" of the Complaint are conclusions of law to which no response is required. Wilmington Tug admits that the vessel was present in the jurisdiction at the time when the Plaintiff's Complaint was filed and further admits that the M/V CLARY and the Plaintiff were sued in the District.

4. Admitted in part; denied in part. It is admitted only that on or about January 6, 2006 the M/V CLARY was operating in the Christina River assisted by two tugs, the Tug BROOKLYN and the Tug NANCY, both owned and operated by McAllister Towing of Philadelphia, Inc. Wilmington Tug is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph "4" of the Complaint and, therefore, denies same.

5. Admitted in part; denied in part. It is admitted only that the two assisting tugs came into contact with certain vessels berthed at the pier, causing damage to those vessels. Wilmington

Tug is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "5" of the Complaint and, therefore, denies same.

6. Denied.

7. Admitted.

8. Admitted.

9. Wilmington Tug is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "9" of the Complaint and, therefore, denies same.

10. Wilmington Tug is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "10" of the Complaint and, therefore, denies same.

11. The averments contained in Paragraph "11" of the Complaint are conclusions of law to which no response is required.

12. Denied.

13. Wilmington Tug is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "13" of the Complaint and, therefore, denies same.

14. Wilmington Tug is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph "14" of the Complaint and, therefore, denies same.

15. Admitted.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim for which relief can be granted as to the named Plaintiff.

## SECOND SEPARATE DEFENSE

Plaintiff Clary Shipping (Pte.) Ltd. is not a proper party plaintiff under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 183, et seq. and it should be dismissed from the action.

## THIRD SEPARATE DEFENSE

Answering Claimant reserves the right to challenge the Plaintiff's alleged interest in the vessel M/V CLARY and/or the alleged valuation of the vessel under the Shipowner's Limitation of Liability Act, 46 U.S.C. § 183, et seq.

## FOURTH SEPARATE DEFENSE

The incident and resulting damages which are the subject of the Plaintiff's Complaint was caused by the fault, negligence, breach of warranty, statutory and regulatory violations of the plaintiff, its agents, servants, contractors or employees and/or the unseaworthiness of the M/V CLARY and, therefore, Plaintiff's prayer for a decree of exoneration from liability must be denied.

## FIFTH SEPARATE DEFENSE

The incident and resulting damages which are the subject of the Plaintiff's Complaint were caused by the fault, negligence, breach of warranty, statutory and regulatory violations of the plaintiff, its agents, servants, contractors or employees and/or the unseaworthiness of the M/V CLARY, with the privity and knowledge of the Plaintiffs within the meaning of the

Shipowner's Limitation of Liability Act, 46 U.S.C. § 183, et seq. and, therefore, Plaintiff's prayer for a decree of limitation of liability must be denied.

### SIXTH SEPARATE DEFENSE

The Order Directing Issuance of Notice and Restraining Suits entered by this Honorable Court should be vacated and suits permitted to be filed and pursued in other fora by the claimants, if and to the extent that there is only a single claimant of record or if multiple claims do not exceed the limitation fund, properly stated, and/or if and to the extent that claimants file appropriate stipulations with the Court.

WHEREFORE, Claimant Wilmington Tug respectfully prays that plaintiff's Complaint be dismissed with prejudice at plaintiff's cost or, in the alternative that the Plaintiff's prayers for exoneration from or limitation of liability be denied, and for such other and further relief as this Honorable Court may deem proper and just under the circumstances.

Dated:  June 6, 2006

PALMER BIEZUP & HENDERSON LLP

By:   /s/ *Michael B. McCauley*
      Michael B. McCauley, Esq.
      Delaware Bar# 2416

      1223 Foulk Road
      Wilmington, DE 19803
      (302) 594-0895
      Attorneys for Claimant,
      Wilmington Tug, Inc.

*Of Counsel:*

Frank P. DeGiulio, Esq.
620 Chestnut Street
956 Public Ledger Building
Philadelphia, PA 19106-3409
(215) 625-9900