**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **IN THE MATTER OF THE COMPLAINT OF CLARY SHIPPING (Pte.) LTD., AS OWNERS(S) AND/OR OWNER(S) *PRO HAC VICE* OF THE MOTOR VESSEL CLARY FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | : | **CIVIL ACTION** **NO.: 06-CV-00016 - GMS** |

**ANSWER AND CLAIMS OF MCALLISTER TOWING OF PHILADELPHIA, INC. AND McALLISTER TOWING AND TRANSPORTATION COMPANY INC.**

Pursuant to Supplemental Admiralty Rule F(5) and by Order of this Court, McAllister Towing of Philadelphia, Inc. and McAllister Towing and Transportation Company Inc. (jointly the "McAllister Entities"), by and through their undersigned attorneys, hereby answer the Complaint of Clary Shipping (Pte.) Ltd. ("Clary Shipping"), owner of the Motor Vessel CLARY, for Exoneration from or Limitation of Liability and file their claim against Petitioner Clary Shipping, as follows:

**ANSWER**

1. Denied. Despite due investigation, the McAllister Entities are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 1 of the Complaint, and the same is therefore generally denied.

2. Admitted.

3. Admitted.

4. Admitted in part, denied in part. It is denied that the tugs BROOKLYN McALLISTER and NANCY McALLISTER (the "McAllister Tugs") are owned by McAllister

Towing of Philadelphia, Inc. These vessels, although chartered and operated by McAllister Towing of Philadelphia, Inc., are owned by McAllister Towing and Transportation Company, Inc.

5. Denied as stated. The tug NANCY did not make contact with any vessels berthed at the pier and did not cause any damage to itself or any other vessel or structure. As a result of the negligence and actions of others over whom the McAllister Entities had no control, and in spite of the extraordinary efforts of its captain, the tug BROOKLYN was caused to allide with one or more vessels berthed at the pier. Neither the tug BROOKLYN nor the tug NANCY, were in any respect negligent or unfit for service, nor were any of their officers or crew in any respect negligent. Any damages caused by the said allision are the sole fault and responsibility of Petitioner Clary Shipping and others.

6. Denied. Any damages arising from the allegations set forth in the Complaint were caused by the M/V CLARY and Clary Shipping or others under their direct control or supervision.

7. Admitted.

8. Denied. Despite due investigation, the McAllister Entities are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 8 of the Complaint, and the same is therefore generally denied.

9. Denied. Despite due investigation, the McAllister Entities are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 9 of the Complaint, and the same is therefore generally denied.

10. Denied. Despite due investigation, the McAllister Entities are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 10 of the Complaint, and the same is therefore generally denied.

11. Paragraph 11 is a conclusion of law, to which neither admission nor denial need be made.

12. Denied. Any damages caused by the allision are the sole fault and responsibility of Petitioner Clary Shipping and others.

13. Paragraph 13 is a conclusion of law, to which neither admission nor denial need be made.

14. Paragraph 14 is a conclusion of law, to which neither admission nor denial need be made.

15. Denied. Despite due investigation, the McAllister Entities are without sufficient knowledge or information to form a belief as to the truth of the allegation of paragraph 15 of the Complaint, and the same is therefore generally denied.

WHEREFORE, the McAllister Entities demand that judgment be entered against Petitioner Clary Shipping, owner of the M/V CLARY, dismissing its petition, and denying petitioner Clary Shipping the benefit of the Limitation of Liability Act.

## CLAIM

1. McAllister Towing and Transportation Company, Inc. is a New York corporation with its principal place of business at 17 Battery Place, New York, NY.

2. McAllister Towing of Philadelphia, Inc. is a New Jersey corporation with its principal place of business at the Philadelphia Naval Business Center, Building 6, 4900 South Broad Street, Philadelphia, PA.

3. On January 5, 2006, McAllister Towing of Philadelphia, Inc. was contacted by the G.M. Richards Agency, on behalf of its principal, Mineral Shipping Pte. ("Mineral"), who requested that McAllister Towing of Philadelphia, Inc. make the necessary arrangements to have assist tugs available to assist in docking the M/V CLARY at the Wilmington Marine Terminal at a particular date and time.

4. McAllister Towing of Philadelphia, Inc. agreed to provide the tugs pursuant to the existing contract between Mineral and the McAllister Entities, which contained certain standard rates and terms.

5. McAllister Towing of Philadelphia, Inc. then alerted Pilot Kevin Hearn on behalf of Mineral's agent to inquire whether Pilot Hearn would agree to assist the M/V CLARY. Pilot Hearn agreed to provide pilotage services for the M/V CLARY at the date and time set forth by Mineral's agent. Pilot Hearn specified that two tugs would be adequate for the job and requested that the tugs BROOKLYN McALLISTER and NANCY McALLISTER be assigned to the job. Such was done.

6. On January 6th at 0830, the tugs BROOKLYN and NANCY arrived to meet the M/V CLARY at the Delaware Memorial Bridge. At 0915 the M/V CLARY arrived and Pilot Hearn, who had been riding aboard the NANCY, was promptly put on board.

7. At that point, Pilot Hearn took control of the docking maneuver and began to give various orders to the McAllister Tugs.

8. Pilot Hearn ordered the BROOKLYN to lay alongside the ship's port bow and to put over one line then to run parallel while the vessel approached the mouth of the Christina River. The NANCY positioned itself as ordered on M/V CLARY'S port quarter.

9. At the mouth of the Christina River, Pilot Hearn brought the M/V CLARY to a stop and began to pivot the ship's bow to the left into the river entrance. Pilot Hearn gave various instructions to the McAllister Tugs during this procedure, all of which were promptly and properly followed.

10. During the course of the M/V CLARY'S turn and subsequent entry into the Christina River, the BROOKLYN was forced to allide with the tugs SALLY, TINA, and CAPTAIN HARRY owned by Wilmington Tug, Inc. and FIREBOAT NO. 7, which is owned by the City of Wilmington, Delaware.

11. On January 6, 2006, prior to undertaking the docking job, Pilot Hearn had obtained the signature of the master of the M/V CLARY upon a docking pilot slip and a signed receipt for the services of the McAllister Tugs. The tug receipt sets forth the specific terms and conditions under which McAllister Towing of Philadelphia, Inc. agreed to render assist tug service. These terms were identical in all relevant respects to the standard terms and conditions of the contract existing between the McAllister Entities and Mineral Shipping. Pursuant to those terms and conditions, the docking pilot was agreed to have become the borrowed servant of the vessel, in this case the M/V CLARY, such that any damage or losses caused by the negligence of the docking pilot are the responsibility of the M/V CLARY, her owners, operators and charterers, including Petitioner, and those entities are obliged to indemnify, defend and hold McAllister Towing of Philadelphia, Inc. and the McAllister Tugs harmless for any such damages or losses.

12. On January 6, 2006 Wilmington Tug, Inc., as owner of the tugs TINA, SALLY and CAPTAIN HARRY brought suit against the CLARY and Clary Shipping alleging damages to the tugs TINA, SALLY and CAPTAIN HARRY. On or about that same date, Wilmington Tug, Inc. put McAllister Towing of Philadelphia, Inc. on notice that it may assert a claim for damage to its vessels against McAllister Towing of Philadelphia and/or the McAllister Tugs. McAllister Towing and Transportation Company, Inc. is the owner of both the BROOKLYN McALLISTER and the NANCY McALLISTER.

13. Seeking to exonerate itself or to limit its liability arising from the above-described allision, on January 9, 2006 Clary Shipping, the owner of the M/V CLARY, filed a Complaint for Exoneration from or Limitation of Liability in this Court, thereby instituting this Limitation Action.

14. In the Limitation Action, the City of Wilmington has filed a claim for damages to its property and it is anticipated that Wilmington Tug, Inc. will also file such a claim for damages to the tugs TINA, SALLY and CAPTAIN HARRY.

15. By this Claim, the McAllister Entities hereby demand contribution and both contractual and maritime law indemnification from M/V CLARY and Clary Shipping for whatever liability may be imposed upon either of the McAllister Entities as a result of the claims of the City of Wilmington, Wilmington Tug, Inc. and/or any other persons or entities which are or may be alleged to have been affected, harmed or damaged by the above-described allision incident.

WHEREFORE, Claimants McAllister Towing and Transportation Company Inc. and McAllister Towing of Philadelphia Inc. hereby demand that judgment be entered in their favor against Petitioner Clary Shipping, by way of indemnity or contribution, as appropriate, and in

such amounts as will fully compensate them for such liability as may be imposed upon them, or upon the McAllister Tugs, in rem, together with attorneys fees and costs of litigation.

Dated: June 12, 2006

**BLANK ROME LLP**

BY: ______________________
Steven L. Caponi (DE No. 3484)
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

Counsel for McAllister Towing and Transportation Co. Inc. and McAllister Towing of Philadelphia, Inc.

Of Counsel:

Jeffrey S. Moller
James J. Reynolds
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
215-569-5500

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing Answer and Claims of McAllister Towing of Philadelphia, Inc. and McAllister Towing and Transportation Company Inc. were served this 12th day of June, 2006, via first class U.S. mail upon:

Richard R. Wier, Jr., Esquire
1220 Market Street, Suite 600
Wilmington, DE 19801

Michael B. McCauley, Esquire
Palmer Biezup & Henderson
Public Ledger Building
6th and Chestnut Streets
Philadelphia, PA 19106

Robert B. Hopkins, Esquire
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, MD 21202

Alex J. Mili, Jr., Esquire
Louis R. Pedding Building
800 French Street, 9th Floor
Wilmington, DE 19801

STEVEN L. CAPONI